# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDI TAHIRAJ,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC SPEICALITY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:24-cv-00568-APG-NJK<br><br>**ORDER**<br><br>[Docket No. 15] |

Pending before the Court is a stipulation to extend case management deadlines by 60 days. Docket No. 15.[1]

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[2] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The

---

[1] This document was filed erroneously as a "motion" when it is actually a stipulation. *But see* Local Rule IC 2-2(b) (requiring an appropriate "event" to be selected for filings). Moreover, the stipulation was filed by Attorney Angulo despite the fact that he did not sign the stipulation. *But see* Local Rule IC 5-1(b) ("The signatory must be the attorney or pro se party who electronically files the document").

[2] Such a request is also governed by Local Rule 26-3.

1

> district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted).[3] Given the importance of scheduling orders and the well-established expectation that they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

The Rule 16 good cause analysis for obtaining relief from the scheduling order turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[4]

---

[3] The Ninth Circuit has at times taken a softer approach to extensions of deadlines outside the Rule 16 context, such as those related to briefing schedules. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule). Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3 (citing *Espinosa v. Corrections Corp. of Am.*, No. 2:19-cv-01617-RFB-NJK, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021)).

[4] A showing of diligence is required regardless of whether the request to modify case management deadlines is presented by stipulation. "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

Diligence is lacking. Most obviously, it appears the parties have conducted no affirmative discovery of any kind. *See* Docket No. 15 at 1-2.[5] Doing no discovery at all is contrary to the required showing of diligence. Rather than establishing diligence, the stipulation indicates in conclusory terms that the parties have been discussing settlement and may agree to set a mediation. *See* Docket No. 15 at 2. Case law abounds that settlement discussions and potential use of alternative dispute resolution methods are not sufficient reasons to modify the case management schedule. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) (collecting cases). This was made clear to the parties in this case months ago. Docket No. 13 at 1 n.1 (allowing a slightly extended discovery period, but indicating as follows: "To be clear moving forward, the existence of settlement discussions generally will not be considered good cause to extend the case management deadlines set herein").

Accordingly, the stipulation to extend is **DENIED**.

IT IS SO ORDERED.

Dated: September 11, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] The stipulation references "Initial 26(f) production[s]." Docket No. 15 at 1-2. The Court is unclear what exactly that means, but it assumes the parties are referring to their initial disclosures made pursuant to Rule 26(a)(1). The stipulation does not identify any interrogatories, requests for production, or requests for admission having been propounded, nor does it identify any depositions having been taken or even noticed.