UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDI TAHIRAJ,<br><br>        Plaintiff<br><br>v.<br><br>INTACT INSURANCE GROUP USA LLC, et al.,<br><br>        Defendants | Case No.: 2:24-cv-00568-APG-NJK<br><br>**Order Granting in Part ASIC's Motion for Judgment on the Pleadings, Ordering Arbitration, and Denying as Moot ASIC's Motion for Summary Judgment**<br><br>[ECF Nos. 17, 20] |

Plaintiff Andi Tahiraj suffered injuries and damages in a car crash while driving for ride-share company Uber. Atlantic Specialty Insurance Company (ASIC) insured Tahiraj under a group insurance policy Uber made available to its drivers. ASIC allegedly denied coverage for Tahiraj's damages, so he is suing ASIC for declaratory relief, breach of contract, and bad faith.

ASIC moves for judgment on the pleadings, arguing that Tahiraj's claims are time-barred under the insurance contract's terms. Alternatively, ASIC argues that Tahiraj must arbitrate his claims. ASIC also moves for summary judgment, raising the same time-bar and arbitration arguments as well as substantive arguments that Tahiraj is not entitled to coverage. Tahiraj responds that the time-bar and arbitration provisions are unconscionable under this contract of adhesion, and that the time limitation is tolled while the claim process is resolved. Because Tahiraj is bound by the arbitration clause, I grant ASIC's motion in part and order the parties to arbitrate their dispute. I deny as moot ASIC's motion for summary judgment.

**I. LIMITATION PERIOD**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c). "[A] Rule 12(c) motion is functionally

identical to a Rule 12(b)(6) motion," so "the same standard of review applies to motions brought under either rule." *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (simplified). In addition to the complaint, I may consider documents incorporated into the complaint by reference and matters of which I may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg*, 870 F.3d at 887 (quotation omitted). Consequently, I must determine whether the complaint contains "sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Harris v. Orange Cnty.*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

ASIC attached a full copy of the insurance policy to its motion. Because Tahiraj alleges breach of this contract and does not argue that I should not consider the policy, I deem it properly incorporated by reference in the complaint. The policy's "Suit Against Us" provision states that no action may be brought under the policy until 60 days after written proof of loss has been sent to ASIC and must commence within three years of the date the proof of loss is submitted. ECF No. 17-1 at 22.

Parties in Nevada may contractually modify a limitation period to be shorter than the statutory limitation, provided that there is "no statute to the contrary" and the shorter period is "reasonable." *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture, LLC*, 300 P.3d 124, 128 (Nev. 2013). However, the limitation "period will be tolled from the time [Tahiraj] gave notice of the loss until [ASIC] formally denies liability." *Clark v. Truck Ins. Exch.*, 598 P.2d 628, 629 (Nev. 1979). ASIC asserts that it is entitled to judgment because the complaint states that it "improperly den[ied] coverage to Plaintiff." ECF No. 1-1 at 3. However, the complaint does not

state when ASIC denied Tahiraj's claim and thus began the limitation period. Although ASIC may ultimately be correct, I cannot say from the pleadings and incorporated documents that Tahiraj's suit is time-barred. *See United States v. Page*, 116 F.4th 822, 825-26 (9th Cir. 2024) (I may dismiss on statute of limitations grounds only if "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." (quotation omitted)). I therefore deny ASIC's motion on that ground.

## II. ARBITRATION

The Federal Arbitration Act (FAA) "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). Section 2 of the FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, a party seeking to compel arbitration "has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

To determine if parties have agreed to arbitrate, I "apply general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) (quotation omitted). A nonsignatory to the contract "may be obligated to arbitrate if so dictated by the ordinary principles of contract and agency." *RUAG Ammotec GmbH v. Archon Firearms, Inc.*, 538 P.3d 428, 434 (Nev. 2023) (en banc) (quotation omitted). Nevada recognizes five theories to bind a nonsignatory: "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and

5) estoppel." *Id.* (quotation omitted). "Under a theory of estoppel, a nonsignatory is estopped from refusing to comply with an arbitration clause when [he] receives a 'direct benefit' from a contract containing an arbitration clause." *Truck Ins. Exch. V. Palmer J. Swanson, Inc.*, 189 P.3d 656, 661 (Nev. 2008) (quotation omitted).

ASIC contends that Tahiraj's claims are covered by the arbitration provision and that he is estopped from refusing to arbitrate. Tahiraj responds that the arbitration clause is unconscionable because the insurance policy is a contract of adhesion, and he did not know about the arbitration clause until after he had filed his claim.

The ASIC policy's arbitration provision states that "[a]ny contest to a claim denial and/or any dispute in connection with a claim under this Policy will be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules . . . ." ECF No. 17-1 at 22. The arbitration provision "permanently bars the institution of any individual or class action lawsuit brought by the Insured Person or beneficiary." *Id.* Because Tahiraj is claiming a benefit under the ASIC policy, he is estopped from refusing to arbitrate unless he can assert any "generally applicable contract defenses, such as fraud, duress or unconscionability" to invalidate it. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotation omitted). He does not dispute that his claim otherwise falls within the scope of the arbitration provision.

I need not "enforce a contract, or any clause of a contract, including an arbitration clause that is unconscionable." *Burch v. Second Jud. Dist. Ct. of State ex rel. Cnty. of Washoe*, 49 P.3d 647, 649 (Nev. 2002). "Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable." *Id.* at 650. Tahiraj argues that the arbitration provision is procedurally

4

unconscionable because he merely opted into coverage from Uber without even knowing what company would provide the coverage or the specific terms such as arbitration. *See* ECF No. 18-1 (showing screenshots of coverages provided by Uber group policy). Tahiraj also asserts that he was required to obtain certain insurance coverages and was offered Uber's group policy with no opportunity to negotiate its terms, including the limitation period and arbitration provisions. ECF No. 18 at 13.

But even if I were to embrace Tahiraj's procedural unconscionability argument, his only argument that the arbitration provision is substantively unconscionable is that it "proposes an absolute waiver of any individual lawsuit, as well as all abrogation of [his] constitutional right to trial by jury." *Id.* at 9-10. Such consequences are inherent to binding arbitration, and finding them to be grounds for unconscionability would "wholly eviscerate arbitration agreements." *See Concepcion*, 563 U.S. at 341-43. The Supreme Court of the United States rejected a similar argument when it noted examples of "devices and formulas" states might use to declare arbitration against public policy, including rules "classifying as unconscionable arbitration agreements that fail to abide by the federal Rules of Evidence, or that disallow an ultimate disposition by a jury." *Id.* at 342. Such state law rules are not covered by the FAA's saving clause preserving contract defenses because these rules would "stand as an obstacle to the accomplishment of the FAA's objectives." *Id.* at 343.

The arbitration provision here simply requires disputes to be arbitrated by the American Arbitration Association at the nearest office to the injured person or beneficiary and to be decided in accordance with its Commercial Arbitration Rules. ECF No. 17-1 at 22. Tahiraj has not identified any unfair or one-sided provisions intended to favor ASIC. Tahiraj thus has failed to show substantive unconscionability. Tahiraj is bound by the arbitration provision because he

is attempting to claim benefits under the ASIC policy, and the provision is not unconscionable. Therefore, I grant in part ASIC's motion for judgment on the pleadings to compel arbitration.

### III.  CONCLUSION

I THEREFORE ORDER that Atlantic Specialty Insurance Company's motion for judgment on the pleadings **(ECF No. 17) is GRANTED in part**. I grant ASIC's motion to compel arbitration.

I FURTHER ORDER that Atlantic Specialty Insurance Company's motion for summary judgment **(ECF No. 20) is DENIED** as moot.

I FURTHER ORDER that this case is **STAYED** pending arbitration. The parties must file a status report by January 8, 2026 or within 30 days of completion of the arbitration. The parties must file status reports every six months thereafter.

DATED this 12th day of June, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE